UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ZOE AJJAHNON,

    Plaintiff,

vs.

MILLER'S ALE HOUSE, INC.,

    Defendant.

Case No.
6:25-cv-1534-WWB-RMN

## ORDER

This matter is before the Court without oral argument on a motion to remand to state court (Dkt. 10) filed by the Plaintiff, Zoe Ajjahnon. Defendant, Miller's Ale House, Inc., filed a response in opposition. Dkt. 12. The motion has been referred to a magistrate judge for adjudication. Upon consideration, the motion is denied.

## I. BACKGROUND

This action was originally filed in state court. Dkt. 1-1. There, Plaintiff filed a complaint alleging that the Defendant refused to accommodate her alleged disability—an allergy to certain products used to clean the Defendant's restaurant—and retaliated against Plaintiff for requesting an accommodation, in violation of Florida law. *Id.* ¶¶ 1–3, 5. But the complaint also references the requirements of federal law,

such as the Americans with Disabilities Act (the "ADA"), and refers to Plaintiff's claims as "ADA challenges." *See id.* ¶¶ 4, 42–43, 45, 52, 58, 60–61, 67. The Complaint does not set out its claims as separate counts.

The Defendant timely removed to this Court based on federal question jurisdiction. Dkt. 1 at 1. Then the Plaintiff filed a timely motion to remand, which is ripe. Dkt. 10.

## II.  LEGAL STANDARDS

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Here, that requires a showing that the complaint asserts a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## III.  ANALYSIS

Plaintiff argues the complaint does not allege or bring a claim under the ADA. Dkt. 10 at 6–7. She contends the well-pleaded complaint asserts only claims based on state law. *Id.* at 5–6, 8–9, 12. In response, the Defendant argues that, judging the substance of the claims, Plaintiff is asserting federal ADA claims. Dkt. 12 at 5–7.

A defendant may remove any civil action from state court to federal court if it could have been filed in federal court originally. 28 U.S.C. § 1441(a). Removal may be based on federal question jurisdiction. *See id.* Federal question jurisdiction exists where a plaintiff pleads a claim "arising under" federal law. 28 U.S.C. § 1331. The

general test is whether "a federal question appears on the face of the plaintiff's well-pleaded complaint."

"The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Id.* (quoting *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).

Here, the complaint does not set the claims out as separate counts, and so the Court must canvas the complaint to determine what claims Plaintiff is asserting. The Defendant identifies several statements in the complaint to the ADA, about the applicability of the ADA to the alleged conduct, and to Plaintiff's "ADA challenges." *See* Dkt. 12 at 6–7 (collecting references). I agree with the Defendant. A fair reading of those allegations is that Plaintiff asserts a claim or claims under the ADA against the Defendant. I therefore conclude this case was properly removed based on this Court's federal question jurisdiction.

That does not mean, however, that Plaintiff cannot clarify her claims in an amended pleading. *See* Fed. R. Civ. P. 15(a)(2) (permitting a plaintiff to file an amended pleading with leave of court). If granted leave to amend the complaint to dismisses any ADA claims, then the

Court would be required to remand Plaintiff's remaining state-law claims to state court. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 25–26 (2025) (holding that when an action is removed to federal court on federal question jurisdiction and the court exercises supplemental jurisdiction over related state law claims, the court must remand the action if a subsequent amendment to the complaint drops all federal claims).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that the Motion to Remand (Dkt. 10) is **DENIED**.

### Notice to Parties

Pursuant to Federal Rule of Civil Procedure 72(a), any party may file a written objection to this order within fourteen days of receipt. A party that fails to timely object to an order issued by a magistrate judge may waive the right to challenge the order later.

**DONE** and **ORDERED** in Orlando, Florida, on October 1, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Zoe Ajjahnon
110 Chestnut Ridge Road
Montvale, New Jersey 07645

Counsel of Record